[Civ. No. 10095.   Third Dist.   Sept. 14, 1961.]

HERB SCHLINKMAN, Respondent, v. JASPER W. DAVIS
et al., Appellants.

Hilger & Thomas for Appellants.

John R. Braun, Hill & Dalton and John M. Dalton for Respondent.

VAN DYKE, P. J.—Plaintiff-respondent, a licensed building contractor, brought action to foreclose a construction lien upon the property of defendants-appellants Davis.

The complaint alleged that plaintiff had constructed a dwelling upon the property of defendants under their promise to pay the reasonable value of the labor and materials used; that the total cost of the building was $37,739.61; and that $26,436.76 had been paid. Plaintiff sought to foreclose a lien for the difference.

The answer of defendants denied in general terms the foregoing allegations and affirmatively alleged that there had been an agreement between the parties that the house should be constructed for a maximum of $25,000. Defendants alleged they had paid more than that sum and were not indebted to plaintiff further.

It appears without dispute that the parties had entered into a written agreement covering the construction of the building by plaintiff and that the agreement read as follows:

"We propose to furnish all materials and perform all labor necessary to complete the following:

"Construct home at 2458 Manzanita Street, Eureka, California, as per plans. Any changes shall be authorized by owner. Carpenter labor at $4.50 per hour based on current scale. Sub-contracts and materials at cost plus 10%.

"All the work to be completed in a substantial and workmanlike manner for the sum of approx. and not to exceed $30,081 56/100ths Dollars, payments to be made semi-monthly as the work progresses; the entire amount to be paid within 30 days after completion.

/s/ Herb Schlinkman

"ACCEPTANCE

"You are hereby authorized to furnish the material and labor necessary to complete the above for which _____ agree to pay according to the above mentioned proposal.

/s/ J. W. Davis

Owner"

The foregoing contract is the familiar cost plus contract with a maximum.

Notwithstanding the parties were thus mutually bound by the written contract, the trial court found the allegations of plaintiff's complaint to be true in that the parties had agreed that defendants should pay the reasonable value of all work

and materials furnished by plaintiff. Defendants on appeal attack the sufficiency of the evidence to sustain such an award. Their contentions must be sustained.

There was no evidence that the parties had abandoned the contract, but apparently the court relied upon the fact that changes had been made which in some instances increased the cost and in others decreased the cost. It is to be noted that the contract itself contemplated that changes might be made, for it was stipulated therein that changes should be authorized by the owner. There is no real dispute in the evidence that changes had been made, sometimes for the purpose of keeping down the cost below what it would have been had the plans and specifications been exactly followed while other changes increased the cost, but these circumstances do not justify the contract being discarded as though abandoned.

"When a building is in process of construction, and additions or alterations are made, the original contract, unless it be so entirely abandoned that it is impossible to trace it and say to what part of the work it shall be applied, is held still to exist, and to be binding on the parties so far as it can be followed. The additions or alterations, if the expense of the work is thereby increased, may be the subject of a new contract, either express or implied, but they do not affect the original contract, which still remains in force." (9 Am.Jur. § 72, p. 50.)

The evidence being insufficient to justify the implied finding that the contract had been abandoned or that the provision for maximum cost should be ignored, the amount, if any, owing to plaintiff must be arrived at either by proof of special agreement governing changes or if none were made then by arriving at an allowable excess over maximum cost by finding the net amount, if any, by which extra costs were not offset by diminished costs, then the provision for maximum cost must be applied to the balance.

The judgment appealed from is reversed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied October 13, 1961.